THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMAR A. BOVAN,<br><br>              Petitioner,<br><br>   v.<br><br>ROBERT HERZOG,<br><br>             Respondent. | CASE NO. C13-0958-JCC<br><br>ORDER |

The Court, having reviewed Petitioner's petition for writ of habeas corpus, Respondent's response thereto, the Report and Recommendation ("R&R") of United States Magistrate Judge Mary Alice Theiler, Petitioner's objections, and the remaining record, hereby ADOPTS the R&R with AMENDMENT, and DISMISSES the petition. (Dkt. No. 5.)

I.     BACKGROUND

Petitioner Jamar A. Bovan is incarcerated at the Monroe Correctional Center in Monroe, Washington, pursuant to guilty pleas on three state drug-trafficking charges. (Dkt. No. 19, Exs. 1–3.) Mr. Bovan was sentenced under these pleas on August 10, 2009. (*Id.*) Mr. Bovan challenged these convictions in three Personal Restraint Petitions ("PRPs"), the first of which was filed on August 20, 2010. (Dkt. No. 19, Ex. 9.) These petitions were consolidated and ultimately dismissed by the Washington State Supreme Court on April 25, 2012. (Dkt. No. 19,

Exs. 11–15.)[1] Mr. Bovan's habeas petition also challenges three additional convictions.[2] (Dkt. No. 5 at 1.) The first of these convictions became final in 2001, (Dkt. No. 29 at 3) and the second and third convictions became final in 2004. (Dkt. No. 19, Exs. 7 and 8.) Mr. Bovan filed his habeas petition challenging all six convictions on May 27, 2013. (Dkt. No. 5 at 1.) There is no question that Mr. Bovan's challenges to his 2001 and 2004 convictions are time-barred for federal habeas purposes. 28 U.S.C. § 2244(d)(1)(A). As such, only the 2008 and 2009 convictions are at issue.

Mr. Bovan alleges four grounds for relief:

    A.    The prosecution failed to conduct adequate discovery and share it with the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963);

    B.    The trial court violated Mr. Bovan's procedural due-process rights by transferring Mr. Bovan's motions to withdraw his guilty pleas to the appellate court without giving Mr. Bovan notice or the opportunity to be heard;

    C.    He was sentenced to multiple punishments for the same offense in violation of the state and federal prohibitions against double jeopardy;

    D.    The prosecutor lied on probable-cause documents for cause numbers 08-1-0110-1-SEA and 08-12643-5-SEA.

(Dkt. No. 5.)

Magistrate Judge Theiler issued an R&R in which she recommended that Mr. Bovan's petition be dismissed as time-barred. (Dkt. 29.) Judge Theiler concluded that the one-year statute of limitations ran prior to August 20, 2010, when Mr. Bovan's first PRP was received by the state court. (*Id* at 2–3.) Mr. Bovan timely objected to the R&R, arguing that his PRPs should be considered filed on August 5—the date he mailed them—and that the one-year statute of limitations had not lapsed because it was tolled during the pendency of his state PRPs. (Dkt. 30

---

[1] Petitioner has filed numerous other PRPs for these convictions. Each was eventually dismissed as either successive or time-barred. (Dkt. No. 19, Exs. 28 and 29.)

[2] Cause Nos. 96-C-02966-8-SEA, 04-C-03587-9-SEA, 04-1-9227-9-SEA.

ORDER
PAGE - 2

at 7–8.) Mr. Bovan also requests an evidentiary hearing to resolve the dispute about which date his PRPs were filed. Upon review, the Court rejects Mr. Bovan's objections.

## II.  DISCUSSION

A district court reviews *de novo* those portions of an R&R to which a party objects. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). A party properly objects under the Federal Rules when he or she files "specific written objections" to the magistrate judge's report. FED. R. CIV. P. 72(b)(2). General objections or summaries of arguments already presented, however, have the same effect as no objection at all. *See Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### A.  Evidentiary Hearing

Evidentiary hearings are granted in limited circumstances when a petitioner fails to develop the factual basis of a claim in state-court proceedings. To obtain a hearing, the petitioner must show that the claim relies on either a new rule of constitutional law that was previously unavailable and is retroactively applicable, or "a factual predicate that could not have been previously discovered through the exercise of due diligence." *Williams v. Taylor*, 529 U.S. 420, 429–30 (2000) (citing 28 U.S.C. § 2254(e)(2)). The petitioner must also show that the facts underlying the claim establish that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id* at 430.

In this case, Mr. Bovan requests an evidentiary hearing to determine the filing date of his timely PRPs. (Dkt. No. 30 at 9.) An evidentiary hearing is inappropriate here because Mr. Bovan's claim does not rely on a new constitutional rule and there are no relevant facts that could not have been discovered with due diligence. Even more importantly, whether Mr. Bovan's PRPs were filed on August 5 or August 20 is irrelevant to finding that his habeas petition is time-barred, as discussed below.

### B.  Statute of Limitations in Section 2254 Proceedings

A habeas action must be filed within one year from "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The one-year statute of limitations is tolled during the time a state court considers a properly filed application for post-conviction relief. 28 U.S.C. § 2244(d)(2); *Pace v. DiGulielmo,* 544 U.S. 408, 410 (2005). Any state-court application ultimately found to be improperly filed does not toll the one-year statute of limitations. *Pace*, 544 U.S. at 413. In this case, Mr. Bovan filed three PRPs accepted by Washington courts as properly filed. (Dkt. No. 19, Ex. 10.) These PRPs tolled the one-year statute of limitations for filing a habeas petition. Mr. Bovan's subsequent PRPs, however, were found to be untimely and cumulative by Washington courts. (Dkt. No. 19, Exs. 21, 29.) Thus, the subsequent PRPs have no effect on the statute of limitations for filing a habeas petition. *See Pace*, 544 U.S. at 417.

Magistrate Judge Theiler found that Mr. Bovan's convictions were final on the date they were entered: August 10, 2009. Using this date, she reasoned that the one-year statute of limitations ran from August 10, 2009, to August 10, 2010. (Dkt. No. 29 at 2–3.) She therefore concluded that Mr. Bovan's first PRP—filed August 20, 2010—was filed after his time period for filing a federal habeas petition had already expired,[3] and was thus irrelevant for tolling purposes. (*Id.*) But this analysis is incorrect because Mr. Bovan had thirty days to appeal his conviction, s*ee* WASH. R. APP. P. 5.2(a) (the state of Washington allows defendants thirty days to file a notice of appeal), so his convictions were not final on August 10. They did not become final until September 9, 2009, after his time to appeal had run. *See* 28 U.S.C. § 2254(d)(1)(A). He then had until September 9, 2010 to file a federal habeas petition. Regardless of whether Mr. Bovan's initial PRP was considered filed on August 5 or August 20, it was filed within this one-

---

[3] PRPs in Washington state must be filed within one year of the conviction becoming final unless the PRP meets one of the exceptions enumerated in statute. Wash. Rev. Code § 10.73.100. Although the record is unclear as to whether Mr. Bovan's initial PRPs were accepted because they met the one-year time limit or one of the exceptions, the record is clear that they were considered "properly filed" by Washington courts. (Dkt. No. 19. Exs. 11, 13, 14.) As such, these PRPs tolled the one-year statute of limitations. *Pace*, 544 U.S. at 417.

ORDER
PAGE - 4

year window and tolled the time for Mr. Bovan to file his federal habeas petition. The R&R is amended to reflect this corrected calculation.

Even so, this habeas action is untimely. The majority of the one-year statute of limitations ran prior to the filing of the initial timely PRP, regardless of which date the Court accepts. Between September 9, 2009, and August 5, 2010, 330 days elapsed. Between September 9, 2009, and August 20, 2010, 345 days elapsed. Tolling began on either August 5 or August 20, 2010. However, the clock began to run again on April 25, 2012, when the Washington Supreme Court denied Mr. Bovan's final motions on the properly filed PRPs. (Dkt. No. 19, Exs. 11, 13, 15.) Mr. Bovan thus had either twenty or thirty-five days remaining in his one-year statute of limitations to file his federal habeas petition. *See, e.g.*, *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir.1999) (finding that a petitioner had used 314 days before statutory tolling took effect, and then had 51 days after tolling ended to file his federal habeas petition before the limitations period expired). The statute of limitations would have expired on May 30, 2012, by the August 5, 2010, filing date, and by May 16, 2012, by the August 20, 2010, filing date. Mr. Bovan did not file this habeas petition until May 27, 2013. His federal habeas petition—filed approximately one year later—is therefore clearly untimely. Accordingly, Mr. Bovan's petition is time-barred and must be dismissed.[4]

**C.  Certificate of Appealability**

A petitioner may appeal a district court's denial of a habeas petition only if the district court issues a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his

---

[4] Mr. Bovan has not requested equitable tolling in either his habeas petition or his objections. Regardless, Mr. Bovan would not be eligible for equitable tolling of the statute of limitations because he has failed to show that he "pursu[ed] his rights diligently, and that some extraordinary circumstance stood in his way." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (citing *Pace*, 544 U.S. at 418).

ORDER
PAGE - 5

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court agrees with Judge Theiler that a COA should not be issued here because no jurist of reason could find Mr. Bovan's petition timely.

### III. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1) The Report and Recommendation (Dkt. No. 29) is ADOPTED with AMENDMENT;
2) Petitioner's motions to amend (Dkt. Nos. 26 and 27) are GRANTED;
3) Petitioner's proposed 28 U.S.C. § 2254 habeas petition is DISMISSED with prejudice as time-barred;
4) As Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), Petitioner is DENIED a certificate of appealability;
5) The Clerk is respectfully directed to send a copy of this Order to Petitioner, all counsel of record, and Judge Theiler.

DATED this 12th day of March 2014.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE